IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3142-FL

| | | |
|---|---|---|
| BRUCE HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PATRICK KOSH, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a pretrial detainee, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Patrick Kosh ("Kosh")– the attorney representing him in his North Carolina State criminal proceedings. Specifically, plaintiff alleges that Kosh is "not fulfilling [his] role of counsel according to indigent defense service rules performance guidelines 1.2 through 6.1. Attorney[']s action prejudicial to client and administration of justice, potential, harm foreseeable." (Compl. p. 4.) As relief, plaintiff seeks "immediate dismissal of charges" and "financial compensation for loss of constitutional rights during incarceration." (Id.)

The court begins with plaintiff's action against defendant Kosh. Generally, the party charged with a constitutional deprivation must be a state actor. Debauche v. Trani, 191 F.3d 499, 506-507 (4th Cir. 1999). Defense attorneys do not act under color of state law and, therefore, are not amenable to suit under § 1983, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff fails to allege facts to establish that Kosh is a state actor. Thus, plaintiff fails to state a claim upon which relief may be granted.

Plaintiff also challenges his current criminal proceedings in North Carolina State court and requests that this court enter an order directing the North Carolina State court to dismiss plaintiff's pending criminal charges. The court lacks jurisdiction over this action under Younger v. Harris, 401 U.S. 37 (1971), and its progeny. See, e.g., Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) ("In Younger, the Supreme Court detailed our national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.") (quotation omitted).

2

A federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." See id. The Supreme Court has recognized three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotations omitted).

Plaintiff's request for injunctive relief falls within Younger. First, plaintiff alleges that there is an ongoing state criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Third, plaintiff's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc) (quotation omitted). Moreover, plaintiff's allegations of misconduct in his complaint are insufficient to support a "Younger exception." Thus, plaintiff's request for injunctive relief is DISMISSED without prejudice. Plaintiff, instead, must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845-46 (4th Cir. 2003).

In summary, plaintiff's action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of November, 2015.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge